CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 08 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MALCOLM SPRINGS,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:14-cv-00169 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| R. MATHENA, et al.,<br>    Defendants. | ) <br> ) <br> ) | By:  Hon. James C. Turk<br>       Senior United States District Judge |

Malcolm Springs, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 naming staff at the Red Onion State Prison ("ROSP") and with the Virginia Department of Corrections as defendants. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff does not try to describe an actual claim in the Complaint but merely recites facts about his housing assignments, two institutional charges, and transfers from ROSP for medical care. Plaintiff alleges that Sgt. Miller charged Plaintiff with two institutional infractions on January 23, 2013, for allegedly threatening bodily harm and spitting on a correctional officer, and Plaintiff was moved to administrative segregation. The next day, ROSP staff placed Plaintiff on suicide watch, during which Plaintiff was served with the institutional charges. Plaintiff was not present at the institutional disciplinary hearing on February 15, 2013, and the hearing officer convicted Plaintiff guilty on both charges and imposed a $12.00 fine for each conviction.[1] Plaintiff's administrative appeals of the convictions were unsuccessful.

---

[1] Plaintiff was not present because allegedly a ROSP correctional officer told him before the hearing that it had been continued to another date.

# II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[2] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff merely says that he filed this action to correct "due process violations under the 14th Amendment, equal protection under the 14th Amendment, cruel and unusual punishment, deliberate indifference, supervisory indifference under the 1st Amendment and state law claims

---

[2] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

of negligence[,] abuse of process[,] and intentional infliction of emotional distress." (Compl. 1.) Plaintiff's reliance on these labels and conclusions is insufficient to state such claims. Twombly, 550 U.S. at 555. While the court liberally construes pro se pleadings, the court does not invent claims and arguments on Plaintiff's behalf. Plaintiff does not have a constitutional right to an appeals process for institutional disciplinary convictions, and thus, the court will not create a constitutional claim and develop arguments on Plaintiff's behalf sua sponte from an appeal process that the Constitution does not require. Accordingly, the court dismisses the Complaint without prejudice, and Plaintiff may refile it at the time he can thoughtfully describe an actionable claim without relying on labels and conclusions, subject to the applicable statute of limitations.

### III.

For the foregoing reasons, the Complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER**: This 8th day of May, 2014.

_____
Senior United States District Judge